UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNE GREENBERG and
STARKEY ROAD, INC.,

    Plaintiffs,

v.                            Case No. 8:14-CV-2071-T-17MAP

WELLS FARGO BANK NA, f/k/a
WACHOVIA BANK, NA, and
BRANCH BANKING AND TRUST COMPANY,
a/sii COLONIAL BANK, NA,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE

This matter comes before the Court pursuant to Defendant's, BRANCH BANKING AND TRUST COMPANY, as successor in interest to COLONIAL BANK, NA ("BB&T"), Motion to Dismiss, (Doc. 24), filed October 27, 2014, Plaintiffs' Response in Opposition, (Doc. 32), filed November 11, 2014, Defendant's, WELLS FARGO BANK NA, formerly known as WACHOVIA BANK, NA ("Wells Fargo"), Motion to Dismiss, (Doc. 26), filed October 28, 2014, and Plaintiffs' Response in Opposition, (Doc. 30), filed November 10, 2014. For the reasons that follow below, Defendants' Motions are **GRANTED**.

## BACKGROUND

Plaintiff Joanne Greenberg was the sole officer and shareholder of Starkey Road, Inc., for which Michael Greenberg was an employee. (Doc. 13 at ¶¶2–3). On or before February 9, 2005, Michael Greenberg opened a checking account with BB&T in the name of Starkey Road, Inc., without authority from either Plaintiff. (Doc. 13 at ¶¶3, 20). On or before February 1, 2008, Michael Greenberg opened at least one account with Wells

Fargo in the name of Starkey Road, Inc. (Doc. 13 at ¶10). Michael Greenberg controlled these checking accounts to the exclusion of Plaintiffs. (Doc. 13 at ¶8). Sometime after February 9, 2005, Michael Greenberg issued to non-party Aaron Stuart a worthless check in the amount of $220,000 from the BB&T account. (Doc. 13 at ¶22). Sometime after February 1, 2008, Michael Greenberg issued checks from the Wells Fargo account and utilized that account to perpetuate a "Ponzi scheme and/or money laundering operation." (Doc. 13 at ¶15). On April 17, 2014, a state court entered final judgment against Plaintiffs in the amount of $3,933,322.51, based on the activities Michael Greenberg perpetuated with the BB&T and Wells Fargo accounts and damages resulting therefrom, including treble damages, penalties, interest, attorney fees and costs. (Doc. 13 at ¶¶16, 21). Plaintiffs filed these causes of action July 3, 2014, and amended their complaint September 24, 2014, alleging Defendants breached duties by allowing Michael Greenber to open the accounts in the name of Starkey Road, Inc. (Docs. 1, 2, 13).

BB&T and Wells Fargo move to dismiss Plaintiffs' Amended Complaint based on the statute of limitations and additional legal theories. (Docs. 24, 26, respectively). Plaintiffs oppose each theory of dismissal. (Doc. 32, 30, respectively).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned […] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## DISCUSSION

BB&T and Wells Fargo first move for dismissal based on the statute of limitations. Florida law imposes a four-year statute of limitations on negligence causes of action. Fla. Stat. § 95.11(3)(a). The statute of limitations begins to run when a cause of action

3

accrues. Young v. Ball, 835 So.2d 385, 386 (Fla. Dist. Ct. App. 2003). A cause of action accrues when the last element of the cause of action occurs. Olson v. Johnson, 961 So.2d 356, 359 (Fla. Dist. Ct. App. 2007). The last element of a negligence claim—damages—accrues when the plaintiff suffers actual loss or damage. Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003); Kelly v. Lodwick, 82 So.3d 855, 857 (Fla. Dist. Ct. App. 2011). As pleaded within the four corners of the Amended Complaint, Plaintiffs' damages included "the face amount of the check, treble damages, penalties, interest, attorney fees and costs, together with the attorney fees and costs expended in defense of the case, and to be incurred in this case." (Doc. 13 at ¶22) (emphasis added).

In Kelly, Florida's Fourth District Court of Appeal found—based on the wording of the operative complaint—a negligence action accrued, and the statute of limitations attached, when a party was "forced to retain counsel to defend [that party] against [the opposing parties'] claims." Kelly, 82 So.3d at 858 (emphasis added). The statute of limitations is not postponed or tolled because actual or substantial losses are not realized before the entry of final judgment. Id. (citing City of Miami v. Brooks, 70 So.2d 306, 308 (Fla. 1954)). In Blumberg v. USAA Casualty Insurance Company, the Florida Supreme Court determined a "negligence/malpractice" cause of action may not accrue until the "client" incurred damages via conclusion of a judicial proceeding because under the facts the "client" thought an insurance policy covered a theft until a trial court ruled otherwise. 790 So.2d 1061, 1064–1065 (Fla. 2001). In Medical Data Systems, Inc. v. Coastal Insurance Group, Inc., Florida's Fourth District Court of Appeal procedurally and factually distinguished Kelly from Blumberg because Kelly was decided at the dismissal stage and did not involve an insurance policy. 139 So.3d 394, 396 (Fla. Dist. Ct. App. 2014).

4

Here, Plaintiffs pleaded damages in the form of attorney fees and costs expended in the defense of the underlying litigation. (Doc. 13 at ¶22). This Court takes judicial notice of the docket in the underlying litigation and, specifically, Plaintiffs' attorney Thomas Dandar's notice of appearance filed May 13, 2009. See Horne v. Potter, 392 Fed.Appx. 800, 802 (11th Cir. 2010) (holding that, in considering a motion to dismiss, a district court may take judicial notice of public records in underlying litigation without converting the motion to one for summary judgment when the "public records [are] not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.") Plaintiffs do not dispute, and admit, they engaged the services of Mr. Dandar to defend the suit by May 13, 2009, when Mr. Dandar filed his notice of appearance. (Doc. 32 at 5). Also, attached as exhibits to Plaintiffs' Amended Complaint are affidavits executed in the underlying litigation. (Docs 13-1, 13-2). Plaintiff Joanne Greenberg executed her affidavit on January 15, 2010, which Plaintiffs' attorney Thomas Dandar notarized. (Doc. 13-2). Michael Greenberg executed his affidavit on January 19, 2010, in which he admitted his wrongdoing in the underlying litigation. (Doc. 13-1). That affidavit contains a January 18, 2010, facsimile date stamp with reference to "Dandar Dandar." Plaintiffs clearly engaged an attorney to defend this case no later than sometime between May 13, 2009, and January 19, 2010; therefore, the statute of limitations attached at the earliest on May 13, 2009, but no later than January 19, 2010. Kelly, 82 So.3d at 858. Construing these matters in the light most favorable to Plaintiffs, as Plaintiffs filed the subject action on July 3, 2014—more than four years after January 19, 2010—Plaintiffs' causes of action are necessarily barred by operation of the statute of limitations. Id.

The statute of limitations requires dismissal, with prejudice, of Plaintiffs' Amended Complaint, and strips this Court of jurisdiction to decide the remaining merits of BB&T's and Wells Fargo's Motions to Dismiss.

Accordingly, it is **ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED with PREJUDICE**. The Clerk of Court is directed to terminate all pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record